UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALEXANDER MCNEIL,
   Plaintiff,

v.

UNITEDHEALTH GROUP INC.,
   Defendant.

25-cv-2489-JMB/SGE

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

RECEIVED JUN 1 3 2025 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

SCANNED JUN 1 6 2025 U.S. DISTRICT COURT MPLS

## INTRODUCTION

1. Plaintiff Alexander McNeil brings this action against Defendant UnitedHealthcare Group Inc.("UHC" or "Defendant") for:

a. Violations of the Affordable Care Act's guaranteed-issue and anti-restriction provisions (42 U.S.C. § 300gg-3; 45 C.F.R. § 147.104) by conditioning coverage under a newly purchased policy ("Plan B") on payment of an alleged balance from a terminated policy;

b. Violations of the ACA's anti-rescission mandate (42 U.S.C. § 300gg-4) by effectively rescinding or refusing to activate Plan B despite processing its premium; and

c. Breach of contract—accepting premium payment for Plan B then refusing to provide coverage.

2. Plaintiff was covered under the UHC Bronze Copay Focus+ $0 Indiv Med Ded plan ("Plan A," Member ID 122652910) from January 1, 2025 through April 30, 2025. On April 30,

1

2025, UHC terminated Plan A, asserting that Plaintiff owed a $1,200 balance that he did not owe.

3. On May 31, 2025, Plaintiff purchased and paid the $298.00 net premium for a successor plan—namely, the UnitedHealthcare of Georgia Inc. UHC Silver-C Value+ $0 Indiv Ded ($2 Tier 2 Rx, Dental + Vision) plan ("Plan B"). Although UHC accepted and "Processed" that payment, UHC has refused to activate Plan B, insisting that Plaintiff still owes $1,200 from the terminated Plan A.

4. As a direct result of UHC's refusal to activate Plan B—despite confirming its premium—Plaintiff has been left entirely uninsured since June 1, 2025 and forced to go without critical, life-sustaining medication. UHC's conduct violates:

• 42 U.S.C. § 300gg-3(a)(2) & (b)(2) (guaranteed issue; prohibits any restriction on coverage based on a past-due premium), and 45 C.F.R. § 147.104(b) (no denial or restriction based on nonpayment of a prior policy);

• 42 U.S.C. § 300gg-4(a) (anti-rescission; coverage may not be rescinded absent fraud or misrepresentation).

5. Plaintiff therefore seeks:

a. Declaratory relief that UHC's actions violated the ACA;

b. Injunctive relief compelling UHC to activate and maintain Plan B coverage retroactive to June 1, 2025;

c. Compensatory damages for out-of-pocket medical expenses, cost of medication, emotional distress, and consequential losses;

d. Punitive damages in the amount of $2,000,000 for willful, reckless, and bad-faith conduct;

e. Statutory civil penalties and attorneys' fees under 42 U.S.C. § 300gg-22; and

f. Any other relief the Court deems just and equitable.

## PARTIES

6. Plaintiff Alexander McNeil is a citizen of Georgia residing in Atlanta, Fulton County. He is covered under UHC's ACA-compliant individual market plans, Member ID 122652910.

7. Defendant UnitedHealthcare Group Inc. is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota. UHC underwrites and administers ACA-compliant individual market plans.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Affordable Care Act (42 U.S.C. §§ 300gg-3, 300gg-4; 45 C.F.R. § 147.104).

9. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)–(2) because Defendant's principal place of business is in Minnetonka, Minnesota, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

A. Plan A Coverage and Termination

11. In November 2024, Plaintiff enrolled in the UHC Bronze Copay Focus+ $0 Indiv Med Ded plan ("Plan A") through the Georgia Health Insurance Marketplace, effective January 1, 2025.

12.     Under 42 U.S.C. § 300gg-3(a)(2), UHC was required to issue Plan A on a guaranteed-issue basis without regard to any alleged past-due premium. The implementing regulation (45 C.F.R. § 147.104(b)) likewise prohibits denying or restricting coverage based on nonpayment of a prior policy.

13.     Plaintiff timely paid every premium for Plan A covering January 1 through April 30, 2025. At no time did his coverage legitimately lapse.

14.     On April 30, 2025, UHC terminated Plan A, asserting that Plaintiff owed a $1,200 balance he never owed. As of May 1, 2025, Plaintiff was left uninsured.

B. Purchase of Plan B and Acceptance of Premium

15. On May 31, 2025, to avoid a coverage gap, Plaintiff purchased the UnitedHealthcare of Georgia Inc. UHC Silver-C Value+ $0 Indiv Ded ($2 Tier 2 Rx, Dental + Vision) plan ("Plan B") through the Georgia Marketplace.

16.     Plan B's gross monthly premium is $825.64, reduced by an Advance Premium Tax Credit of $527.64, leaving a net premium of $298.00. On May 31, 2025, Plaintiff paid $298.00 via electronic debit (Confirmation # 250006395813), and UHC's system confirmed that the payment was "Processed" .

4

17. The Georgia Marketplace Plan Summary (June 1, 2025) confirms Plan B's coverage period as June 1, 2025 through December 31, 2025. Nonetheless, despite processing the premium, UHC's system still shows Plan B's "Enrollment Status" as "Pending" and refuses to activate coverage or allow any benefits .

C. Conflicting Verbal Assurances vs. System Status

18. On June 2, 2025, Plaintiff contacted UHC Member Services (recorded call, written transcript available), and the representative stated that Plan B coverage was active and that Plaintiff should proceed as though no gap existed.

19. On June 4, 2025, in a second recorded call, another UHC representative again confirmed that Plan B coverage was active.

20. Despite these assurances, UHC's system continues to show Plan B as "Pending," and no benefits have been provided. This conflict constitutes a material misrepresentation that has deprived Plaintiff of necessary care.

D. Refusal to Cover Plan B Based on Alleged Plan A Balance

21. UHC has repeatedly insisted that Plaintiff cannot receive coverage under Plan B because he allegedly owes $1,200 from the terminated Plan A—despite having processed the Plan B premium.

22. By refusing to activate Plan B coverage on this ground, UHC has effectively left Plaintiff uninsured since June 1, 2025.

23. As a result, Plaintiff has been forced to go without critical, life-sustaining medication.

24. UHC's conduct—accepting Plan B's premium payment while refusing coverage—violates:

• 42 U.S.C. § 300gg-3(a)(2)&(b)(2) (prohibits any condition on coverage based on a past-due premium) and 45 C.F.R. § 147.104(b) (prohibits denial or restriction of coverage for nonpayment of a prior policy);

• 42 U.S.C. § 300gg-4(a) (prohibits rescission absent fraud or misrepresentation).

25. Although UHC claims Plaintiff owes $1,200 from Plan A, Plaintiff's May 31, 2025 payment for Plan B conclusively shows that no Plan A balance was owed, yet UHC has refused to correct its records.

E. Exhaustion of Administrative Remedies

26. Plaintiff submitted written grievances to UHC on February 17, 2025 (Plan A termination) and June 2, 2025 (Plan B coverage refusal). While UHC acknowledged receipt, no corrective action was taken.

27. Having received no internal resolution, Plaintiff now brings this lawsuit.

## COUNT I: VIOLATION OF ACA GUARANTEED-ISSUE AND ANTI-RESTRICTION PROVISIONS

(42 U.S.C. § 300gg-3; 45 C.F.R. § 147.104)

28. Plaintiff incorporates paragraphs 1–27 by reference.

29. Under 42 U.S.C. § 300gg-3(a)(2), an issuer offering individual-market coverage "shall accept every individual … regardless of … any other health-status-related factor."

30. Under 42 U.S.C. § 300gg-3(b)(2), an issuer shall not "impose any condition or restriction on coverage or eligibility under the policy" based on allegations of a past-due premium.

31. 45 C.F.R. § 147.104(b) provides that an issuer "shall not deny coverage … or impose any … restriction on coverage" based on "nonpayment of a previous policy."

32. By refusing to activate Plan B coverage unless Plaintiff first paid $1,200 from the terminated Plan A, UHC imposed an unlawful restriction on coverage in violation of 42 U.S.C. § 300gg-3(b)(2) and 45 C.F.R. § 147.104(b).

33. As a direct result, Plaintiff:

a. Lost access to critical medication since June 1, 2025;

b. Experienced severe emotional distress, anxiety about his health, and fear of serious medical consequences;

c. Incurred emergency out-of-pocket costs for alternative treatments.

34. Plaintiff therefore seeks:

a. A declaratory judgment that UHC's refusal to cover Plan B violated 42 U.S.C. § 300gg-3 and 45 C.F.R. § 147.104;

b. Injunctive relief ordering UHC to:

i. Remove all references to the $1,200 "balance" from Plaintiff's Plan A and Plan B records;

ii. Immediately activate Plan B coverage retroactive to June 1, 2025;

iii. Cease denying Plan B coverage based on any alleged past-due premium;

iv. Implement written policies to ensure future compliance with guaranteed-issue requirements;

c. Statutory civil penalties and attorneys' fees under 42 U.S.C. § 300gg-22; and

d. Such further relief as the Court deems just and equitable.

**COUNT II: VIOLATION OF ACA ANTI-RESCISSION PROVISION**

(42 U.S.C. § 300gg-4)

35. Plaintiff incorporates paragraphs 1–27 by reference.

36. Under 42 U.S.C. § 300gg-4(a), an issuer may rescind coverage only if the enrollee "performed an act or practice that constitutes fraud or intentional misrepresentation of material fact."

37. UHC's refusal to activate Plan B—despite processing the full net premium—constitutes an unlawful rescission of Plan B absent any fraud or misrepresentation.

38. As a direct result, Plaintiff:

a. Remains without critical medication since June 1, 2025;

b. Suffers severe emotional distress, anxiety, and potential deterioration of his health;

c. Has incurred emergency costs for alternative care.

39. Plaintiff therefore seeks:

a. A declaratory judgment that UHC's refusal to cover Plan B violated 42 U.S.C. § 300gg-4(a);

b. Injunctive relief requiring UHC to:

i. Activate Plan B effective June 1, 2025;

ii. Process any claims submitted under Plan B since June 1, 2025;

iii. Implement safeguards to prevent future wrongful rescissions;

c. Statutory civil penalties and attorneys' fees under 42 U.S.C. § 300gg-22;

d. Punitive damages in the amount of $2,000,000.

**COUNT III: BREACH OF CONTRACT**

40. Plaintiff incorporates paragraphs 1–27 by reference.

41. Plan B (UnitedHealthcare of Georgia Inc. UHC Silver-C Value+ $0 Indiv Ded ($2 Tier 2 Rx, Dental + Vision), coverage June 1, 2025 – December 31, 2025) is a valid, enforceable contract between Plaintiff and UHC. Under Plan B, UHC agreed to provide covered benefits in exchange for timely premium payments. Plaintiff fully performed his payment obligation by remitting $298.00 on May 31, 2025.

42. UHC breached Plan B by:

a. Accepting and "Processing" Plaintiff's $298.00 payment on May 31, 2025, then refusing to activate Plan B coverage or pay any benefits on the asserted ground that Plaintiff owes $1,200 under Plan A.

43. As a direct and proximate result of this breach, Plaintiff:

a. Lost access to life-sustaining medication since June 1, 2025;

b. Incurred emergency medical and prescription costs;

c. Suffered severe emotional distress, anxiety, and fear of serious medical complications;

d. Endured financial hardship from being uninsured.

44. Plaintiff therefore seeks:

a. Compensatory damages in an amount to be proven at trial;

b. Pre-judgment and post-judgment interest on all sums awarded;

c. Attorneys' fees and costs under 42 U.S.C. § 300gg-22; and

d. Punitive damages in the amount of $2,000,000 for willful, reckless, and bad-faith breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant:

1. Declaratory Relief

a. Declare that UHC's refusal to activate Plan B—despite processing its premium—violated 42 U.S.C. §§ 300gg-3 and 300gg-4, and 45 C.F.R. § 147.104;

b. Declare that UHC breached Plan B by refusing to provide coverage despite full premium payment.

2. Injunctive Relief

a. Order UHC to remove all references to the $1,200 "balance" from Plaintiff's Plan B records;

b. Order UHC to immediately activate Plan B retroactive to June 1, 2025, and process all claims submitted under Plan B since that date;

c. Order UHC to implement and maintain adequate procedures and training to ensure compliance with ACA guaranteed-issue and anti-rescission provisions.

3. Monetary Damages

a. Award compensatory damages for out-of-pocket expenses (e.g., emergency medical or prescription costs), emotional distress, and consequential harms;

b. Award pre-judgment and post-judgment interest on all sums awarded;

c. Award statutory civil penalties under 42 U.S.C. § 300gg-22 for each violation;

d. Award reasonable attorneys' fees and costs under 42 U.S.C. § 300gg-22;

e. Award punitive damages in the amount of $2,000,000 for UHC's willful, reckless, and bad-faith conduct.

4. Such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable, including both compensatory and punitive damages.

Dated: June 4, 2025

Respectfully submitted,

/ s/ Alexander McNeil
Alexander McNeil, Plaintiff (Pro Se)
300 Peachtree St NW
Atlanta, Georgia 30308
404.384.6326
filings@lawcorp.us

CERTIFICATE OF SERVICE
I hereby certify that a true and correct copy of the foregoing Complaint was served via certified U.S. Mail (return receipt requested) on June 4, 2025, to:

UnitedHealthcare Insurance Company


/ s/ Alexander McNeil
Alexander McNeil